# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Christopher D. Haffner    Case Number: 0980 2:14CR00168-TOR-20

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: June 1, 2015

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1344 | |
| Original Sentence: | Prison - 6 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>02/24/2016 | Prison - 4 months<br>TSR - 32 months | |
| Asst. U.S. Attorney: | George JC Jacobs, III | Date Supervision Commenced: May 30, 2016 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: January 29, 2019 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 19**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to his ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.<br><br>**Supporting Evidence**: On June 13, 2016, Mr. Haffner's conditions of supervision were reviewed with him. He signed his conditions acknowledging an understanding of his conditions of supervision, including special condition 19, as noted above.<br><br>On November 29, 2017, the undersigned officer was contacted by staff at Alcohol Drug Education Prevention and Treatment (ADEPT). Staff informed the undersigned officer that Mr. Haffner was being unsuccessfully discharged from chemical dependency treatment and Mr. Haffner would need to seek chemical dependency treatment services elsewhere. |

Additionally, staff had advised the undersigned officer that Mr. Haffner had been placed on a "last chance" contract, and he violated the last chance agreement by consuming marijuana.

2     **Special Condition # 17:** Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence:** On June 13, 2016, Mr. Haffner's conditions of supervision were reviewed with him. He signed his conditions acknowledging an understanding of his conditions of supervision, including special condition 17, as noted above.

On November 29, 2017, Mr. Haffner reported to the probation office at the direction of the undersigned officer to confront him on his unsuccessful discharge from chemical dependency treatment. When the undersigned questioned Mr. Haffner about the use of any illegal controlled substances, he admitted to using marijuana on or about November 4, 2017. He signed an admission form. A urine sample was collected that same day and the results were negative.

3     **Special Condition #17:** Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance

**Supporting Evidence**: On June 13, 2016, Mr. Haffner's conditions of supervision were reviewed with him. He signed his conditions acknowledging an understanding of his conditions of supervision, including special condition 17, as noted above.

On December 15, 2017, Mr. Haffner provided a random urinalysis test at Pioneer Human Services (PHS), as the color of the day was brown 2, Mr. Haffner's assigned color for urinalysis testing. The urine sample tested presumptive positive for methamphetamine and was sent to Alere Toxicology for further testing. Mr. Haffner denied using methamphetamine and claimed it was from Adderall, a drug prescribed to him. On December 26, 2017, the undersigned officer received the lab report from Alere Toxicology, confirming a positive result for methamphetamine.

On December 26, 2017, the undersigned officer confronted Mr. Haffner on the positive test for methamphetamine. Mr. Haffner adamantly denies using methamphetamine and continues to blame it on his prescription for Adderall.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    12/26/2017

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

December 27, 2017
Date